**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FIONA STRASHOON, | No. 09-55439 |
| Plaintiff - Appellant, | D.C. No. 3:07-cv-00067-MMA-POR |
| v. | |
| NORTHROP GRUMMAN CORPORATION, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Southern District of California
Michael M. Anello, District Judge, Presiding

Argued and Submitted April 7, 2010
Pasadena, California

Before: FERNANDEZ, SILVERMAN, and GRABER, Circuit Judges.

Plaintiff Fiona Strashoon appeals the district court's grant of summary

judgment to Defendant Northrop Grumman Corporation dismissing her claim for

equitable estoppel under the Employee Retirement Income Security Act

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

("ERISA"), 29 U.S.C. §§ 1001–1461. We have jurisdiction pursuant to 28 U.S.C. § 1291. For the following reasons, we affirm.

When an ERISA plan beneficiary brings an equitable estoppel claim against the plan administrator pursuant to 29 U.S.C. § 1132(a)(3), "in the face of contrary written plan provisions," Greany v. W. Farm Bureau Life Ins. Co., 973 F.2d 812, 821 (9th Cir. 1992), she must establish not only (1) "a material misrepresentation," (2) "reasonable and detrimental reliance upon the representation," and (3) "extraordinary circumstances," but also that (4) "the provisions of the plan at issue [are] ambiguous such that reasonable persons could disagree as to their meaning or effect," and (5) the "representations . . . made to [her] involv[ed] an oral interpretation of the plan," Pisciotta v. Teledyne Indus., Inc., 91 F.3d 1326, 1331 (9th Cir. 1996) (per curiam).

Here, Plaintiff seeks to equitably estop Defendant from enforcing a provision in its pension plan governing the finality of elections for retirement benefits. She premises her claim on a misstatement, made by a representative in Defendant's employee benefits service center, that her election for early retirement would have no effect on her continued eligibility to receive benefits under a long-term disability plan administered by another company. The record shows that

Plaintiff relied on this misstatement to her detriment; her long-term disability benefits stopped once she elected to take early retirement.

But even assuming without deciding that the service center representative was acting as Defendant's agent, and that the pension plan term governing finality of elections is ambiguous, Plaintiff's proof still falls short under Pisciotta's fifth prong. Nothing in the record shows that Plaintiff requested, or that Defendant provided, an oral construction of the finality-of-election term prior to Plaintiff's election. In the absence of such proof, we cannot force Defendant to let Plaintiff reverse her election. We therefore affirm the district court's ruling.

The parties shall bear their own costs on appeal.

**AFFIRMED.**